**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ELIZABETH WONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | |
| BOARD OF EDUCATION, COMMUNITY ) | |
| CONSOLIDATED SCHOOL DISTRICT NO. 15, ) | |
| SCOTT THOMPSON, MARY SZUCH, ) | |
| JOHN FENTON and JAMES GARWOOD, ) | Plaintiff Demands Trial by Jury |
| ) | On all Counts |
| Defendants. ) | |

## COMPLAINT

NOW COMES Plaintiff, ELIZABETH WONG, by her attorneys, and complaining of BOARD OF EDUCATION, COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 15, SCOTT THOMPSON, MARY SZUCH, JOHN FENTON and JAMES GARWOOD, in both their official capacities and personally, states as follows:

### I. JURISDICTION AND VENUE

1. This action arises under First and Fourteenth Amendments to the United States Constitution, as made applicable to the Defendant BOARD OF EDUCATION, COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 15, and the individual defendants by the due process clause of the Fourteenth Amendment thereto, under Sections 2201, and 2202 of Title 28 of the United States Code, under §1983 and 1988(b) and ( c) of Title 42 of the United States Code, and under Sections 2 and 4 of Article 1 and Section 7 of Article 7 of the Illinois Constitution of 1970.

2. This Court has jurisdiction over the subject matter of this action under Sections 1331 and 1343(a)(3) and (4) of Title 28 of the United States Code because this action arises under the Constitution and laws of the United States and because it is brought to redress the deprivation of Plaintiff's constitutional rights and to secure equitable relief under a federal civil rights statute.

3.	Venue is proper in this Court because all events and omissions giving rise to this action occurred (or will occur) and all of the property involved in this action is situated within the Northern District of Illinois and because the Defendants are all located within the Northern District of Illinois.

## II.  PARTIES

4.	Plaintiff, ELIZABETH WONG ("Plaintiff"), is a citizen of the United States, residing in Cook County, Illinois.  She was an employee of Defendant BOARD OF EDUCATION, COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 15, from July, 2008 through July, 2011.  She had a written employment agreement with the School Board for the position of Assistant Principal for the 2010-2011 school year.

5.	Defendant,  BOARD OF EDUCATION, COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 15 (hereinafter "Board of Education"), is a body politic and a political subdivision of the State of Illinois whose authority to act is governed and limited by the statutes of the State of Illinois, and the Illinois Constitution.

6.	Defendant SCOTT THOMPSON ("Thompson") is employed by Defendant Board of Education as Superintendent of Schools; as Superintendent, he is a policy maker for the Board of Education; at all times relevant herein he was acting in his capacity as Superintendent of Schools and was acting under color of state law.

7.	Defendant JOHN FENTON ("Fenton") was employed by the Defendant Board of Education in the capacity of either Assistant Superintendent of Schools or Director of Personnel and Human Resources.  He,  jointly with the other Assistant Superintendents, and the Superintendent, makes policy for the Board of Education; at all times relevant herein he was acting in those capacities under color of state law.

8.	Defendant JAMES GARWOOD ("Garwood") was employed by Defendant Board of Education in the capacity of either Assistant Superintendent of Schools or Deputy Superintendent; he jointly with the other Assistant Superintendents, and the Superintendent,

makes policy for the Board of Education; at all times relevant herein he was acting in those capacities under color of state law.

9.      Defendant MARY SZUCH is employed by Defendant Board of Education as Principal of Whiteley School; at all times relevant herein she was acting in her capacity as Principal of Whiteley School and was acting under color of state law.

### III.  FACTS COMMON TO ALL COUNTS

10.     During the School years 2008-09 and 2009-10, Plaintiff was assigned as Assistant Principal at Carl Sandburg Junior High School ("Carl Sandburg"), where Edward Nelson was the Principal.  Plaintiff reported directly to Nelson, who was her direct supervisor.

11.     While performing her duties as an Assistant Principal at Carl Sandburg, Plaintiff became aware that Nelson had a substance abuse problem with alcoholic liquor, which condition interfered with the performance of his duties as Principal at that school.  In addition, Plaintiff also became aware that Nelson was sexually harassing female employees.  During the time Plaintiff was assigned to that school, Nelson also began to sexually harass her.

12.     Nelson's impairment reached the point that Plaintiff was required to perform many of his duties as Principal of Carl Sandburg school because Nelson was incapable of doing so.

13.     In February, 2010, Plaintiff reported Nelson's impairment and his harassment of her to Defendant Fenton and another Assistant Superintendent of the School District, and requested action be taken regarding Nelson's actions, which were impairing the welfare of the students and staff at Carl Sandburg.

14.     To the best of Plaintiff's knowledge, no action was taken by anyone employed by the Board of Education to investigate her report, or to take any action regarding Nelson's impairment and inability to perform his functions as Principal of Carl Sandburg.

15.     In February, 2010, Plaintiff again informed Defendant Fenton and another Assistant Superintendent of Nelson's inability to perform his duties, and informed them that she was going to approach Nelson directly to discuss the situation, to urge him to obtain help for

his problem.

16. In March, 2010, Plaintiff met with Defendants Fenton, Garwood, and the Superintendent at the time. During that meeting, Defendants acknowledged that Plaintiff had reported Nelson's misconduct, and that they were aware of the fact that Nelson was not performing his duties properly.

17. In March, 2010, Plaintiff was informed that she would be transferred to another school for the 2010-11 school year, although she objected to that transfer. Plaintiff was informed that her transfer was accomplished to remove her as a female administrator working as a subordinate to Nelson because of his sexual harassment of herself and other female employees.

18. In April, 2010, Plaintiff was directed by Defendant Fenton to inform him if Nelson exhibited any signs of alcohol use during working hours. Pursuant to that directive, Plaintiff reported several instances of Nelson being intoxicated and hung over on the job to Fenton during the remainder of the 2009-10 school year.

19. In May, 2010, Nelson began to attempt to intimidate Plaintiff. Plaintiff reported those actions to Fenton immediately after they occurred. She requested that action be taken to correct or remedy this conduct. That request was denied.

20. On July 16, 2010, Plaintiff requested that she be provided with a copy of her contract for the 2001-2011 school year because it had not been furnished to her. Defendant Fenton informed Plaintiff at that time her salary for the 2010-11 school year was going to be reduced by Two Thousand Dollars ($2,000.00).

21. In November, 2010, Defendant Thompson who had become the Superintendent of District No. 15 in July, 2010, falsely accused Plaintiff of failing to take action to protect the students from the danger to them caused by Nelson's misconduct. In response to that accusation, Plaintiff prepared a long memorandum setting forth the actions she had taken to inform the officials of School District No. 15 of Nelson's misconduct, and her requests that some action be taken to protect Carl Sandburg, its students and employees from Nelson's continuing

misconduct.

22. Thompson's response to Plaintiff's explanation of the actions she had taken in an attempt to obtain some corrective action against Nelson's drinking on the job was to falsely criticize her for not having acted more quickly. Nelson continued on as Principal of Carl Sandburg.

23. Almost immediately after Plaintiff reiterated her complaints about Nelson to Defendant Thompson, Defendant Szuch began a campaign of retaliatory harassment against Plaintiff, which included berating Plaintiff in front of other staff members for alleged actions taken by Plaintiff which were false and fabricated.

24. During an unannounced meeting initiated by Defendant Garwood on February 11, 2011, attended by Plaintiff, Garwood and Szuch, Plaintiff complained of Defendant Szuch's harassment to Garwood. During the meeting, Garwood confiscated a document created by Szuch which evidenced she was retaliating against Plaintiff because of her complaints, thereby destroying evidence of Szuch's retaliation against Plaintiff. No response was given to Plaintiff's complaints about Szuch's harassment of her.

25. In March, 2011, Defendant Szuch prepared an evaluation of Plaintiff's performance as Assistant Principal at Whiteley School. That evaluation contained several false statements of alleged incidents which purportedly demonstrated Plaintiff's inability or inappropriate actions as Assistant Principal at Whiteley School. Many, if not all of the incidents set forth in that evaluation were completely fabricated by Szuch, and were a deliberate falsification of the records of School District No. 15.

26. Defendant Fenton had personal knowledge that some of the incidents alleged in Szuch's evaluation of Plaintiff were false, but took no action to correct those false statements.

27. At about this time, Plaintiff discovered that at least a portion of the results of a survey of teaching conditions at Whiteley School, conducted by the School District's Teachers Union, appeared to have been falsified, in that the results of that survey were reported to have included responses by more teachers than actually had taken part in the survey. Plaintiff attempted to

determine whether the survey had been in some way compromised or falsified by requesting information from the President of the Teacher's Union by email regarding the number of individuals who had responded to the survey in past years.

28. On March 18, 2011, Defendants Fenton and Garwood informed Plaintiff that she was being removed immediately from her position as Assistant Principal at Whiteley School, and that her employment with School District No. 15 would not be renewed after the end of the 2010-2011 school year. The reason given to Plaintiff for this precipitate action was that she had communicated the results of that survey to three individuals, including the President of the Union who had been in charge of conducting that survey.

29. The reasons given to Plaintiff for her immediate removal from her employment duties were false, in that there was no policy of the School District which prohibited what Plaintiff had done.

30. The actions taken to remove Plaintiff from her employment position immediately and to refuse to continue to employ her as an Assistant Principal in School District No. 15 were taken solely for the purpose of retaliating against Plaintiff for having exercised her rights to report serious wrongdoing by Nelson and Szuch to the appropriate school officials.

31. The Board of Education ratified the actions of the individual defendants set forth above by refusing to retain Plaintiff as an employee of the School District No. 15 after the end of the 2010-2011 school year.

32. The actions of Defendants have harmed Plaintiff's reputation as an administrator, and have interfered with her ability to obtain further employment as a school administrator. As of the date of filing this Complaint, Plaintiff has been unable to obtain employment with any other school district, although she has applied for numerous other positions since being informed that she would no longer be employed by School District No. 15.

33. The actions set forth above were and are being performed under color of state law and therefore constitute state action within the meaning of the Fourteenth Amendment to the

Constitution of the United States and 42 U.S.C. § 1983.

34. As a direct and proximate result of the acts alleged above, Plaintiff is suffering actual, consequential, and other damages, in addition to irreparable harm to her reputation.

## COUNT I

### VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FIRST AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

35. Plaintiff realleges and incorporates herein paragraphs 1 through 35 as though fully restated herein.

36. Defendants' actions alleged herein were in retaliation against Plaintiff for exercising her right to petition the government for a redress of actions by public officials which were causing a danger to the students and employees of Carl Sandburg, and to the entire School District No. 15.

37. The actions of Defendants have damaged Plaintiff's reputation, have interfered with her ability to obtain employment within her chosen profession and have further caused her humiliation and emotional distress.

38. As a result of the foregoing actions, Plaintiff is entitled to actual and punitive damages against Defendants, and each of them for the violation of her rights protected under the First Amendment to the United States Constitution, as well as her attorneys' fees she has incurred in defending herself against the false accusations and actions taken against her by Defendants.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against Defendants BOARD OF EDUCATION, COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 15, SCOTT THOMPSON, MARY SZUCH, JOHN FENTON and JAMES GARWOOD in an amount sufficient to compensate her for the injuries she has suffered as a result of the actions of Defendants, no less than Five Hundred Thousand Dollars ($500,000.00), as well as her costs of suit herein, including attorneys' fees pursuant to 42 U.S.C. Section 1988.

## COUNT II

## RETALIATORY DISCHARGE UNDER THE COMMON LAW

39. Plaintiff realleges and incorporates herein paragraphs 1 through 38 as though fully restated herein.

40. Defendants' actions in causing Plaintiff's discharge from her employment with School District No. 15 were taken in retaliation for Plaintiff having attempted to vindicate the laws of the State of Illinois and contrary to the public policy of the State of Illinois, as expressed in 325 ILCS 5/4.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against Defendants BOARD OF EDUCATION, COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 15, SCOTT THOMPSON, MARY SZUCH, JOHN FENTON and JAMES GARWOOD in an amount sufficient to compensate her for the injuries she has suffered as a result of the actions of Defendants, no less than Five Hundred Thousand Dollars ($500,000.00), as well as her attorneys' fees and costs of suit herein.

## COUNT III

### RETALIATION IN VIOLATION OF THE PROVISIONS OF THE ILLINOIS WHISTLEBLOWER ACT

41. Plaintiff realleges and incorporates herein paragraphs 1 through 40 as though fully restated herein.

42. Defendants' actions in retaliating against Plaintiff for having disclosed the inappropriate and dangerous conduct of Nelson and Szuch's retaliatory actions are in violation of the provisions of the Illinois Whistleblower Act, 740 ILCS 174/15.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against Defendants BOARD OF EDUCATION, COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 15, SCOTT THOMPSON, MARY SZUCH, JOHN FENTON and JAMES GARWOOD in an amount sufficient to compensate her for the injuries she has suffered as a result of the actions of Defendants, no less than Five Hundred Thousand Dollars ($500,000.00), as well as her costs of suit herein including attorneys' fees, and that she be reinstated to her position as an Assistant Principal employed by School District No. 15, pursuant to the provisions of 740 ILCS 174/30.

## COUNT IV

### INTENTIONAL INTERFERENCE WITH EMPLOYMENT RELATIONS

43. Plaintiff realleges and incorporates herein paragraphs 1 through 40 as though fully restated herein.

44. The actions taken by Defendant Szuch were taken intentionally, knowing the statements she made regarding Plaintiff's conduct as an Assistant Principal were false when she made them, and were done for no legitimate purpose, but for the sole purpose of interfering with Plaintiff's employment with School District No. 15, and causing that employment to be terminated at the end of the 2010-2011 school year.

45. Defendant Garwood has joined Szuch in her deliberate interference with Plaintiff's ability to continue to obtain employment in her profession as a school administrator by refusing

to respond to inquiries from prospective employers who have contacted them for the purpose of verifying Plaintiff's employment history, and have also responded to those inquiries in a manner calculated to prevent Plaintiff from obtaining future employment with other school districts.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against Defendants MARY SZUCH and JAMES GARWOOD in an amount sufficient to compensate her for the injuries she has suffered as a result of the actions of Defendant Szuch, no less than Five Hundred Thousand Dollars ($500,000.00), as well as punitive damages, attorneys' fees and her costs of suit herein.

Respectfully submitted,

S/Wayne B. Giampietro,
One of Plaintiff's attorneys

Of counsel:
Poltrock & Giampietro
123 W. Madison St., Suite 1300
Chicago, Illinois 60602
312 236 0606; Fax 312 236 6492
wgiampietro@wpglawyers.com
ARDC # 0947776

Margherita Albarello.
DiMonte & Lizak, LLC
216 W. Higgins Road
Park Ridge, IL 60068
(847) 698-9600; Fax (847) 698-9623
malbarello@dimontelaw.com
ARDC #6187375