Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7357 | **DATE** | 3/27/2013 |
| **CASE TITLE** | Elizabeth Wong vs. Bd. of Ed. of Comm. Consolidated School Dist. No. 15 *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss the amended complaint in part [24] is granted in part and denied in part. Counts V and VI of the amended complaint are dismissed as against the individual defendants. The requests for punitive damages in Counts V and VI are stricken. The remaining arguments for dismissal are denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Elizabeth Wong alleges that, while working as an assistant principal, she was sexually harassed by the principal who was an alcoholic. When she complained to others in the school district about this fact and also about the alleged failure of the principal to do his job because he was drinking, she was allegedly fired in retaliation. Defendants – the school district and individual defendants – moved to dismiss all four counts of the original complaint. The motion was fully briefed. Before we issued a ruling, plaintiff moved to file an amended complaint adding a Title VII and ADA claim. Those claims could not be included in the original complaint because the EEOC had not yet issued notices of right to sue. Thereafter, just as this Court was in the process of issuing its ruling denying the first motion to dismiss, defendants filed a second motion to dismiss directed at the two new counts. We set a briefing schedule on the second motion, but instructed the parties to diligently move forward with discovery without waiting for a ruling on the second motion. The parties have done so with the assistance of Magistrate Judge Schenkier. The next status hearing with Judge Schenkier is on April 2nd.

In light of our ruling on the first motion to dismiss, which was issued after defendants filed their second motion to dismiss, they have withdrawn their main argument for dismissal of Counts V and VI. (Dkt. #37 at p.1.) This leaves only two arguments, both of which are relatively short arguments at the end of the parties' briefs.

The first argument is that none of the individual defendants can be held liable under either Title VII or the ADA because only employers may be held liable under those acts. *See, e.g., Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (affirming district court's granting of a Rule 12(b)(6) motion to dismiss "[b]ecause a supervisor does not, in his individual capacity, fall within Title VII's definition of employer"); *see also* Defs. Reply at 2 (citing additional cases). Plaintiff in her response brief concedes that "only employers themselves are liable under Title VII and the ADA." (Pl. Resp. at 12.) In short, there is no disagreement that Counts V and VI should be dismissed as against the individual defendants.

**STATEMENT**

The second argument is that any claim for punitive damages under Counts V and VI are barred because municipalities, including local governments such as public school districts, are immune from punitive damages under civil rights laws such as Title VII and the ADA. *See* 42 U.S.C. § 1981a(b)(1); *Baker v. Runyon* , 114 F.3d 668, 671-72 (7th Cir. 1997). Plaintiff in her response acknowledges that § 1981a "exempt[s] all governmental entities from punitive damages in suits for discrimination." (Pl. Resp. at 11.) She goes on to argue that this provision does not apply to the individual defendants and particularly to some of her claims other than Counts V and VI, a point the defendants do not disagree with in their reply brief. Thus, again, the parties are basically in agreement. The requests for punitive damages against the school district in Counts V and VI are stricken.